**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-00127-HBB**

**TAMMY RENEE PORTER**                                                    **PLAINTIFF**

**VS.**

**TODD COUNTY SHERIFF'S DEPARTMENT, et al.**                   **DEFENDANTS**

## <u>MEMORANDUM OPINION</u><br><u>AND ORDER</u>

Before the Court is Third-Party Defendant David Porter's motion for leave to file his Answer late (DN 43).  Defendants have filed a Response in opposition at DN 44 and Porter has not filed a Reply.

<u>Nature of the Case</u>

Plaintiff Tammy Renee Porter filed this civil rights action on October 28, 2024.  She alleged that she and her former husband, David Porter, owned property in Todd County.  She contended Mr. Porter made a report to the Todd County Sheriff's Department that she was trying to break into the house on the property and Deputy Dennis Brown responded to the report.  She alleged that Deputy Brown immediately took her into custody and arrested her.  The criminal charges were ultimately dismissed.  Her Complaint asserts claims for violation of her Fourth Amendment right against unreasonable seizures and right to due process of law; equal protection under the law; privacy; and quiet enjoyment of her private realty and deprivation of her freedom and civil rights under 42 USC § 1983.  Mrs. Porter also named the Todd County Sheriff's Department and Sheriff Tracy White as defendants on allegations of negligent hiring and training (DN 1).

On April 2, 2025, Defendants filed a motion for leave to file a Third-Party Complaint against David Porter, contending:  "The allegations giving rise to Plaintiff's Complaint were substantially and proximately caused, in whole or in part, by the deliberate, reckless, and/or negligent acts of David Porter.  Consequently, David Porter may be responsible for all or part of the Plaintiff's claims against Defendants herein." (DN 17, p. 1).  The undersigned granted the motion on April 2, 2025 (DN 20), and the Third-Party Complaint was docketed at DN 21.  Summons was served on Mr. Porter on May 1, 2025 (*See* DN 23 at p. 2).

On July 16, 2025, Defendants moved for default judgment on the Third-Party Complaint (DN 27).  Upon review of the return of service of summons at DN 23, the undersigned noted that it appeared to have been served by a deputy employed by the Defendant Todd County Sheriff's Department.  Consequently, the undersigned conducted a telephonic status conference with the parties on September 26, 2025, to address whether service was effective, having arguably been performed by a party to the case.  Defendants indicated they withdrew the motion for default judgment and would re-serve the summons.  (*See* DN 34).  The Defendant re-issued the summons, which was again personally served on Mr. Porter on October 28, 2025.  (*See* DN 35 at p. 2).  On April 13, 2026 the Defendants renewed their motion for default judgment.  (DN 42).

Six months after being served with summons, Mr. Porter filed his motion for extension of time to file an Answer to the Third-Party Complaint (DN 43).  In his motion, Mr. Porter indicates he retained counsel two days earlier.  He asserts that "no discovery appears to have been initiated between the parties" and no party will suffer any prejudice as a result of allowing him to file a late answer (*Id.* at p. 1).  He also contends that he has meritorious defenses to the Third-Party Complaint.  (*Id.*).

Defendants' Response disputes that no discovery has been undertaken, noting that the parties had exchanged written discovery, disclosed experts, and discovery was closed (DN 44, pp. 2-3). They assert that they will be prejudiced by allowing the late answer at this stage in the proceeding (*Id.*).

Discussion

A defendant must file an answer within twenty-one days of being served process. FED. R. CIV. P. 12(a)(1)(A)(i). A court may extend such a deadline after it has expired, provided the untimeliness was due to excusable neglect and there is good cause for the extension. FED. R. CIV. P. 6(b)(1)(B). Excusable neglect is an equitable balance of five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Looking to these factors, all weigh against Mr. Porter. Defendants will be prejudiced as they have already disclosed their expert witness and have completed discovery on the underlying facts. At the time Mr. Porter was served, three months remained before the time for discovery expired (*See* DN 32) and he could have availed himself of discovery had he made a timely Answer. As to the length of delay, Mr. Porter waited six months after service before seeking to file his Answer. Moreover, he was without question on notice of the pendency of the action and Defendants' intention to join him as a party by virtue of the first service of summons upon him almost a year before he retained counsel. Mr. Porter provides no explanation for why he waited six months to retain counsel and seek leave to file his Answer, nor does he offer any reason why his failure to timely Answer was due to reasons

3

not under his control.  Finally, in the absence of any explanation, the undersigned cannot evaluate whether Mr. Porter acted in good faith.  In sum, the undersigned does not find excusable neglect such that Mr. Porter should be permitted to file a late Answer.

**WHEREFORE**, the motion of Third-Party Defendant David Porter to file a late Answer to the Third-Party Complaint, DN 43, is **DENIED**.

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 11, 2026

Copies:  Counsel

4