**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:24-CV-00127-HBB**

TAMMY RENEE PORTER                                    PLAINTIFF

VS.

TODD COUNTY SHERIFF'S DEPARTMENT, et al.             DEFENDANTS

<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER**</u>

Before the Court is the motion of Defendants/Third-Party Plaintiffs Todd County Sheriff's Department, Sheriff Tracy White, and Deputy Sheriff Dennis Brown (collectively "Todd County") for default judgment against Third-Party Defendant David Porter (DN 42).  Subsequent to Todd County's motion, Porter filed a motion for leave to file a late Answer at DN 43, which was denied at DN 47.  By Order at DN 51 Porter was given a deadline for filing a Response to the motion for default judgment and Porter has not filed a Response.

<u>Nature of the Case</u>

Plaintiff filed this civil rights action on October 28, 2024.  She alleged that she and her former husband, David Porter, owned property in Todd County.  She contended that Porter made a report to the Todd County Sheriff's Department that she was trying to break into the house on the property and Deputy Dennis Brown responded to the report.  She alleged that, although there was no legal prohibition against her presence on the property and, to the contrary, she had a legal right to be on the property, Deputy Brown nonetheless immediately took her into custody and arrested her. The criminal charges were ultimately dismissed.  Her Complaint asserted claims for

violation of her Fourth Amendment right against unreasonable seizures and right to due process of law; equal protection under the law; privacy; and quiet enjoyment of her private realty and deprivation of her freedom and civil rights under 42 USC § 1983.  Plaintiff also named the Todd County Sheriff's Department and Sheriff Tracy White as defendants on allegations of negligent hiring and training (DN 1).

On April 2, 2025, Defendants filed a motion for leave to file a Third-Party Complaint against David Porter, contending:  "The allegations giving rise to Plaintiff's Complaint were substantially and proximately caused, in whole or in part, by the deliberate, reckless, and/or negligent acts of David Porter.  Consequently, David Porter may be responsible for all or part of the Plaintiff's claims against Defendants herein." (DN 17, p. 1).  The motion was granted at DN 20 and the Third-Party Complaint docketed at DN 21.  Porter was personally served on October 28, 2025 (*See* DN 35, p. 2).

> Todd County's Third-Party Complaint alleges that
>
> at the time of the underlying incident, David Porter deliberately, recklessly, and/or negligently misrepresented to Todd County dispatch the nature of his relationship with Plaintiff, Plaintiff's ownership interest in the property referenced hereinabove, and whether Plaintiff had the right to be present/was prohibited from being on said property, which led to the dispatch of Todd County Sheriff's Department to the property.

(DN 21, p. 2).  Included in Todd County's Third-Party Complaint is an allegation that "[i]n the event of a judgment against Defendants, Defendants are entitled to contribution, indemnity and reimbursement from Third-Party Defendant, David Porter." (*Id.*).  Subsequent to filing the Third-Party Complaint, Todd County settled the Plaintiff's claims, which were dismissed (DN 49).  Consequently, only Todd County's claim for indemnity from Porter remain.

Discussion

Under FED. R. CIV. P. 55(b), a district court may enter a judgment of default against a defendant who fails to plead or otherwise defend against an action.  The Court must accept all well-pleaded allegations in the complaint as true.  *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).  The Court must then "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" default judgment.  *Fifth Third Bank v. Canfield*, No. 3:14-CV-00300-CRS, 2014 U.S. Dist. LEXIS 107180, at *5 (W.D. Ky. Aug. 5, 2014) (citation omitted). The allegations are sufficient "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In Kentucky, common law indemnity is an equitable remedy awarded by the court, as a matter of law, and is "available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto."  *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 780 (Ky. 2000).  Here, the Third-Party Complaint sufficiently alleges that Porter's willful conduct was the proximate cause of Todd County's liability to the Plaintiff.  The question remains, however, whether Todd County can be entitled to indemnity from Porter for the amount it paid in settlement to the Plaintiff, as opposed to a damages award by verdict.  Kentucky law does not require the imposition of a judgment in order for a third-party claimant to pursue an indemnity claim.

> A claim for indemnity is "one in which the claimant seeks restitution for damages he/she was required to pay for injuries sustained by another, and which were entirely or primarily caused by the party against whom indemnity is sought."  *Degener v. Hall Contracting Corp.*, Ky., 27 S.W.3d 775, 781 (2000), citing *Crime Fighters Patrol v. Hiles*, Ky., 740 S.W.2d 936, 939-940 (1987).  A claim for indemnity is permissible where one party is exposed to liability by another.  *Kentucky Utils. Co. v. Jackson Co. Rural Elec. Coop. Corp.*, Ky., 438 S.W.2d 788 (1968).  Indemnity may be sought any time that parties are exposed to liability and are not in a position of equal fault for the plaintiff's claims.  *Crime Fighters Patrol v. Hiles*, supra., at p. 939.

> While there is no indemnity without liability, pursuant to *Clark v. Hauk Mfg. Co.*, Ky., 910 S.W.2d 247, 252, 42 12 Ky. L. Summary 28 (1995), the law does not require an admission of liability for indemnity to attach.  Indemnity merely requires that the actions of one party expose another to liability.  *ARA Services, Inc. v. Pineville Community Hosp.*, Ky. App., 2 S.W.3d 104, 106, 46 3 Ky. L. Summary 2 (1999), citing *Nally v. Boop*, Ky., 428 S.W.2d 607 (1968).  Indemnity may be sought where it is shown that the party asked to indemnify the other is liable for the plaintiff's injuries, in whole or in part.  *ARA Services, Inc. v. Pineville Community Hosp.*, supra., at 106.

*Bloom v. Marine Indus. Co.*, No. 2003-CA-000021-MR, 2004 Ky. App. Unpub. LEXIS 155, at *5-6 (Ky App. May 14, 2004).  "[O]ne who has voluntarily paid a claim is not required to show that he was legally compelled to pay the claim, but that he *could have been* compelled at law to pay it."  *Charter Foods, Inc. v. Derek Eng'g of Ohio, Inc.*, No. 09-06-ART, 2009 U.S. Dist. LEXIS 115477, at *22 (E.D. Ky. Dec. 11, 2009) (quoting *Commonwealth of KY Transp. Cabinet Dep't of Highways v. Arrow Truck Lines and Transp. Indem. Co.*, 713 S.W.2d 1, 4 (Ky. Ct. App. 1986)).[1]

Consequently, Todd County is entitled to a default judgment against Porter on the issue of liability.

Yet to be determined, however, is the amount to which Todd County is entitled to be indemnified.

> "A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages."  *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983).  As a result, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary

---

[1] The undersigned notes a contrary holding of this Court in *Wisdom Fishing Camp Co. v. Brown*:

> In *Aetna Freight Lines, Inc. v. R. C. Tway Co.*, the Kentucky Court of Appeals held that in order to obtain indemnity, a party seeking indemnification has the burden of proving that he was legally liable to the injured party with whom he/she settled.  *Aetna Freight Lines, Inc. v. R. C. Tway Co.*, 352 S.W.2d 372, 373-74 (Ky. 1962).  The Court noted that a party who settles with the injured party, and then seeks indemnity from a third party using an argument that it was not negligent and/or did not cause the harm to the injured party cannot recover indemnification from the third party because it cannot prove it was legally liable to the injured party.  *Id*.

No. 1:05-CV-61-R, 2007 U.S. Dist. LEXIS 49896, at *13-14 (W.D. Ky. July 10, 2007).  The undersigned respectfully disagrees with *Wisdom Fishing Camp*'s conclusion, as the case it relied on, *Aetna Freight Lines, Inc.*, in turn relied on Ohio law, not Kentucky.  *See Ashland Oil & Ref. Co. v. General Tel. Co.*, 462 S.W.2d 190, 193 (Ky. 1970) (observing that *Aetna Freight Lines, Inc.* relied on substantive Ohio law and reaching a different result under Kentucky law that indemnity is available where "the party paying the claim was himself legally liable and could have been compelled to pay the claim.").

damages requested.  A court will not simply accept a plaintiff's statement of damages, *see Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 911 (E.D. Mich. 2014), but rather, "must conduct an inquiry to ascertain the amount of damages with reasonable certainty."  *Priority Insulation v. Triple Crown Fin. Grp., Inc.*, No. 1:05CV563, 2006 U.S. Dist. LEXIS 36332, 2006 WL 1529330, at *3 (S.D. Ohio June 5, 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995)).

*Finish Line Delta Constr. Staffing, LLC v. Apex Constr. SW, LLC*, No. 3:25-CV-315-RGJ, 2026 U.S. Dist. LEXIS 27156, at *3-4 (W.D. Ky. Feb. 10, 2026).

**WHEREFORE**, the motion for default judgment, DN 42, is **GRANTED** and Defendants are awarded judgment against Porter on their Third-Party Complaint on the issue of liability.  The issue of damages is reserved for further adjudication.  The Court will schedule a telephonic conference to discuss further steps in the case.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

July 14, 2026

Copies:  Counsel

5